UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-CR-319 (PJS/JFD) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR BILL OF PARTICULARS** |
| Marlon Maurice Winborn (1), | |
| Defendant. | |

This matter is before the Court on defendant Marlon Maurice Winborn's Motion for a Bill of Particulars (Dkt. No. 79) and the Response in Opposition to that Motion (Dkt. No. 81) filed by the United States. Mr. Winborn's motion is denied because the indictment sufficiently alleges that Mr. Winborn aided and abetted Mr. Davis in his unlawful possession of a firearm and a motion for a bill of particulars cannot be used to demand a "detailed disclosure of the evidence" the United States "will present at trial." *United States v. Lundstrom*, 880 F.3d 423, 439 (8th Cir. 2018).

I.   **Procedural Background**

On March 23, 2023, a grand jury of this State and District returned a two-count Second Superseding Indictment. (Dkt. No. 77.) In Count One, the grand jury charged Mr. Winborn with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Second Superseding Indict. 1–2.) Count Two is an identical charge against Mr. Winborn's co-defendant, Marquis Deshon Davis. (*Id.* 2–3.) Both men are charged with aiding and abetting each other; In Count One, Mr. Davis is alleged to have

aided and abetted Mr. Winborn and in Count Two, Mr. Winborn is alleged to have aided and abetted Mr. Davis. (*Id.* 1–2.) The Second Superseding Indictment differed from preceding indictments in this case only in making explicit the allegation that both defendants aided and abetted each other. (*Compare* Indict., Dkt. No. 1 and Superseding Indict., Dkt. No. 9 *with* Second Superseding Indict.)[1]

Four days after the grand jury returned the Second Superseding Indictment, Mr. Winborn filed this motion for a bill of particulars. (Def.'s Mot. 1.) Mr. Winborn claims that the Second Superseding Indictment is deficient because it "fails to set out or otherwise provide the required notice of [the elements of aiding and abetting]." (*Id.* at 5.) In particular, Mr. Winborn argues that the indictment and the disclosures he has received to date do not allege "any facts or evidence showing" that he "knew about the past convictions that triggered Mr. Davis' liability under Sections 922(g)(1) and 924(a)(2) (or vice versa)." (Def.'s Mot. 5–6.) In his motion. Mr. Winborn makes eight specific information requests (six requests as to Count One and two requests as to Count Two) and asks the Court to order the United States to comply with the requests. (Def.'s Mot. 1–2.) All eight of the requests concern the allegations of aiding and abetting. For example, the first request as to Count 1 is "State specifically the manner and means by which Marquis Davis aided and abetted Mr. Winborn in committing the offense charged in Count 1," while the second

---

[1] The United States sought this second superseding indictment from the grand jury after Mr. Winborn filed a Motion to Sever Defendants. (Dkt. No. 51.) The Court has since recommended that the Motion to Sever be denied as moot because joinder is proper on the face of the indictment now that it alleges that the defendants aided and abetted each other. (Report and Recommendation 14–15, Dkt. No. 82 (citing Fed. R. Crim. P. 8(b)).)

request as to Count 2 is "State specifically the facts and evidence showing that Mr. Winborn knew Marquis Davis had been convicted of the crimes, listed in Count 2 of Indictment, punishable by a term of imprisonment exceeding one year." (*Id.*)

## II.     Legal Standard

Under the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged," which includes a citation to the law the defendant is alleged to have violated and is signed by a prosecutor. Fed. R. Crim. P. 7(c)(1). The Eighth Circuit has held that "[a]n indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Steffan*, 687 F.3d 1104, 1109 (8th Cir. 2012) (quoting *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993)); *see also Hamling v. United States*, 418 U.S. 87, 117 (1974). Indictments are not reviewed "in a hyper technical fashion and should be 'deemed sufficient unless no reasonable construction can be said to charge the offense.'" *United States v, O'Hagan*, 139 F.3d 641, 651 (8th Cir. 1998) (quoting *United States v. Morris*, 18 F.3d 562, 568 (8th Cir. 1994)).

A court may order the prosecution to provide the defendant with a bill of particulars but the Federal Rules of Criminal Procedure are silent as to when such an order is appropriate. Fed. R. Crim. P. 7(f). The Eighth Circuit, though, has provided that information, holding that "the primary purposes of a bill of particulars are to inform the defendant of the nature of the charges against him and to prevent or minimize the element

3

of surprise at trial." *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir.1986). District courts can order a bill of particulars "where the particulars set out in the indictment fail sufficiently to apprise the defendant of the charges to enable him to prepare a defense." *Id.* Because a bill of particulars is not a proper discovery tool, it should not be used to seek detailed disclosure of the government's evidence at trial. *Lundstrom*, 880 F.3d at 439.

### III. Analysis

Mr. Winborn asserts that the Second Superseding Indictment in this case fails to provide him notice of how the United States claims his conduct constitutes aiding and abetting a felon in possession of a firearm. (Def.'s Mot. 5.) He further claims that the disclosures he has received do not give him "the information needed to prepare a defense" because there is no "information or evidence about" Mr. Winborn's interactions with Mr. Davis "that are required to support an aiding and abetting charge[]." (*Id.*) The Court reads Mr. Winborn's motion as an implicit challenge to the sufficiency of the evidence in the case against him as an aider and abettor of Mr. Davis' firearm possession. But a motion for a bill of particulars is not an appropriate way to challenge the sufficiency of the evidence in a criminal case, because the evidence has not yet been presented to a jury. As the Eighth Circuit has instructed,

> In civil cases, of course, the summary judgment procedures contemplated by Federal Rule of Civil Procedure 56 may be utilized to test, pretrial, the sufficiency of the evidence to establish triable issues of fact; but there is no corollary in criminal cases. The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29 . . . . [W]e simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be.

4

*United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) (quoting *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000) (holding that Fed. R. Crim. P. 12(b)(2) authorizes dismissal of an indictment on the grounds that its allegations are not sufficient to charge an offense but not on the grounds that the evidence is not sufficient to prove the charges)).

The Second Superseding Indictment is sufficient under these standards, and Mr. Winborn's requests, which resemble interrogatories in a civil case, are respectfully denied. The indictment alleges the date on which each defendant unlawfully possessed a firearm, describes the county and date of the prior felony convictions that made each defendant ineligible to possess a firearm, and describes the firearm each defendant is alleged to have illegally possessed by make, model, caliber, and serial number, then cites the statutes allegedly transgressed. (Second Superseding Indict. 1–3.) The indictment is not required to set forth any further information on aiding and abetting because aiding and abetting is not itself a substantive crime, but a mode of criminal liability. *United States v. Gammell*, 932 F.3d 1175, 1179 (8th Cir. 2019); *United States v. Zackery*, 494 F.3d 644, 649 (8th Cir. 2007) ("Aiding and abetting, not itself an offense, was simply one way to prove [the defendant] guilty . . . ."). A person may be convicted as an aider and abettor even if the indictment never mentions aiding and abetting. *United States v. Clark*, 980 F.2d 1143, 1146 (8th Cir. 1992) ("It is well established that a defendant may be convicted of aiding and abetting even though he was not charged in that capacity."); *United States v. Thirion*, 813 F.2d 146, 151 (8th Cir.1987) ("[A] jury may be instructed on the theory of aiding and abetting even though not charged in the indictment. The reason for this rule is that [the

5

aiding and abetting statute] does not create a separate offense, it simply makes those who aid and abet in a crime punishable as principals." (internal quotations and citations omitted)).

In sum, because aiding and abetting is not a separate offense, but a theory of liability, the United States need not provide additional factual bases for alleging that theory in its indictment. The *indictment* is sufficient; if Mr. Winborn finds that the *evidence introduced at trial* is insufficient to convict him on a theory of aiding and abetting, he may file a motion for acquittal under Federal Rule of Criminal Procedure 29 at the conclusion of the prosecution's case.

Accordingly, based on all the files, records, and proceedings herein, Mr. Winborn's Motion for a Bill of Particulars (Dkt. No. 79) is respectfully **DENIED**.

Date: April 20, 2023

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge