UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CR-0319 (PJS/JFD) |
| Plaintiff, | |
| v. | ORDER |
| MARLON MAURICE WINBORN and MARQUIS DESHON DAVIS, | |
| Defendant. | |

Lauren O. Roso, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Lee R. Johnson, JOHNSON & GREENBERG, PLLP, for defendant Marlon Maurice Winborn.

Kevin W. DeVore, DEVORE LAW OFFICE, P.A., for defendant Marquis Deshon Davis.

This matter is before the Court on defendants' objections to the April 5, 2023 Report and Recommendation ("R&R") of Magistrate Judge John F. Docherty. Judge Docherty recommends denying Winborn's and Davis's motions to suppress and Davis's motion to dismiss the indictment.[1] The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Based on that review, the Court overrules defendants' objections and adopts the R&R.

---

[1] Judge Docherty also recommends denying Winborn's motion to sever. Winborn does not object to this recommendation.

Winborn and Davis both contend that Judge Docherty erred in determining that Officers Sporny and Sanchez had a reasonable articulable suspicion to conduct an investigatory stop of the red Saturn from which defendants and firearms were ultimately seized. According to Winborn and Davis, because the 911 call that led Sporny and Sanchez to stop the red Saturn did not explicitly connect the vehicle to the reported criminal activity (the firing of multiple gunshots in an alley), the officers were acting only on a "hunch" in stopping the vehicle. *See* Winborn Obj. at 8–9; Davis Obj. at 5–6.

These objections are without merit, particularly in light of *United States v. Mosley*, 878 F.3d 246 (8th Cir. 2017). In *Mosley*, the Eighth Circuit concluded that police officers had reasonable suspicion to stop a vehicle based on information obtained from a 911 caller placing the vehicle near the scene of a bank robbery, even though the caller expressed uncertainty about whether the vehicle was connected to the robbery. Similarly, Sporny and Sanchez had reasonable suspicion to stop the red Saturn based on information obtained from a 911 caller placing the vehicle near the scene of a shots-fired incident, even though the caller did not explicitly connect the vehicle to the gunfire. Sporny and Sanchez were acting on more than an "inchoate hunch." *Id.* at 251 (quoting *United States v. Tamayo-Baez*, 820 F.3d 308, 312 (8th Cir. 2016)). Instead, they were "aware of particularized, objective facts which, taken together with rational inferences

from those facts, reasonably warrant[ed] suspicion that a crime [was] being committed." *Id.* (quoting *United States v. Givens*, 763 F.3d 987, 989 (8th Cir. 2014)).

Because Sporny and Sanchez had reasonable suspicion to stop the red Saturn, Winborn's objection to the later search of the vehicle is also without merit. That search was plainly justified under *Michigan v. Long*, 463 U.S. 1032, 1049 (1983) ("[T]he search of the passenger compartment of an automobile . . . is permissible if the police officer possesses a reasonable belief based on specific and articulable facts which . . . reasonably warrant the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons." (quotation omitted)).

ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, the Court OVERRULES defendants' objections [ECF Nos. 85, 86] and ADOPTS the R&R [ECF No. 82]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendant Winborn's motion to sever defendant [ECF No. 51] is DENIED AS MOOT;

2. Defendant Winborn's motion to suppress [ECF No. 52] is DENIED;

3. Defendant Davis's motion to suppress [ECF No. 53] is DENIED; and

4. Defendant Davis's motion to dismiss the indictment [ECF No. 54] is DENIED.

Dated:  May 15, 2023                                  s/Patrick J. Schiltz
                                                                Patrick J. Schiltz, Chief Judge
                                                                United States District Court